# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| STEVE D. WILSON, <br><br> *Plaintiff,* <br> v. <br><br> BRIAN MCEWEN, <br> CHURCH TRANSPORTATION & LOGISTICS, INC., <br><br> *Defendants.* | CASE NO. 6:14-cv-00033 <br><br> <u>Memorandum Opinion</u> <br><br> JUDGE NORMAN K. MOON |

Plaintiff Steve Wilson ("Plaintiff") filed this tort action on January 28, 2014. In his complaint, he asserts a single claim of negligence against Defendant Brian D. McEwen and seeks to hold McEwen's employer, Defendant Church Transportation & Logistics, Inc., vicariously liable for McEwen's negligence. This matter is before me on Defendant Church Transportation's ("Defendant") motion for judgment on the pleadings (docket no. 17), in which it argues Plaintiff's claim is barred under the doctrine of contributory negligence. Because the pleadings do not show, as a matter of law, that Plaintiff was guilty of contributory negligence which was a proximate cause of his own injuries, I will deny Defendant's motion.

## I. STATEMENT OF ALLEGED FACTS

While driving a commercial tractor trailer up a hill in the right lane of Interstate 81, Plaintiff's tractor "overheated and became disabled in an area with no right or left shoulder." Pl.'s Compl. ¶ 5. He "immediately called for help and after completing these calls, [he] began the process of setting up the warnings on the interstate highway." *Id.* Before he could step out of his vehicle to set up the warnings, he saw "a commercial tractor trailer approaching from the rear at a high rate of speed." *Id.* This tractor trailer, driven by Defendant Brian McEwen, then

1

crashed directly into the left rear of Plaintiff's tractor trailer. The crash caused both tractor trailers to burst into flames and resulted in the death of Brian McEwen and injuries to Plaintiff.

## II. LEGAL STANDARD

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is judged under the same standard that is applied when ruling on a motion to dismiss pursuant to Rule 12(b)(6). *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In considering a motion to dismiss under Rule 12(b)(6) or Rule 12(c), the Court must assume that the allegations in the non-moving party's pleadings are true and construe all facts in the light most favorable to the non-moving party. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950–51 (2009). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). Thus, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* In sum, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950.

## III. DISCUSSION

Defendant argues that Plaintiff's decision to "call for help" rather than "immediately plac[e] warning devices on the roadway to signal and warn approaching drivers" constitutes contributory negligence as a matter of law and is a bar to recovery. Under Virginia law, a

plaintiff's contributory negligence acts as a complete bar to recovery. *Gravitt v. Ward*, 518 S.E.2d 631, 634 (Va. 1999). To prevail on such a claim, the burden rests on the defendant to show the plaintiff's injuries were proximately caused by his own negligence. *Id.* Ordinarily, the issues of contributory negligence and proximate cause are to be decided by a fact finder. *Meeks v. Hodges*, 306 S.E.2d 879, 881 (Va. 1983). However, where reasonable minds "may draw but one conclusion from the facts, they become questions of the law for the court." *Richmond Greyhound Lines, Inc. v. Brown*, 128 S.E.2d 267, 269 (Va. 1962) (citations omitted).

    a. *Plaintiff's Negligence*

Defendant's motion first fails because Plaintiff's pleadings do not demonstrate, as a matter of law, that he acted in a negligent manner prior to the accident. Defendant argues that Plaintiff was negligent when he allegedly violated the Federal Motor Carrier Safety Regulations ("Regulations"). The relevant portion of this statute provides that "[w]henever a commercial motor vehicle is stopped upon the traveled portion . . . of a highway . . . for any cause other than necessary traffic stops, the driver shall, as soon as possible, but in any event within 10 minutes, place [] warning devices" on the roadway in the manner prescribed by the Regulations. 49 C.F.R. § 392.22(b)(1). In Virginia, the violation of such a statute "is ample proof of negligence." *Savage Truck Line v. Traylor*, 69 S.E.2d 478, 482 (Va. 1952). Whether one has violated the statute, however, can be determined only after examining the "the length of time, prior to an accident, that a truck had been standing on a highway without the deployment of warning devices." *Kimberlin v. PM Transport, Inc.*, 563 S.E.2d 665, 669 (Va. 2002); *see also Savage*, 69 S.E.2d at 482 (requiring action "as promptly as may be reasonably practicable").

In *Kimberlin*, the Virginia Supreme Court squarely addressed the circumstances that constitute a violation of the Regulations. The driver in *Kimberlin* "fled the accident scene" after

3

his truck became disabled on U.S. Route 220 in Alleghany County, Virginia. *Id.* at 667. The Court nonetheless held that the evidence did not conclusively establish a violation of the Regulations because "[t]he record . . . [did] not show how much time had elapsed after [the truck driver's] vehicle had become disabled and the [approaching vehicle] arrived on the scene." *Id.* at 669; *accord Roberts v. Mundy*, 156 S.E.2d 593, 596-97 (Va. 1967), *overruled in part by Vanlandingham v. Vanlandingham*, 188 S.E.2d 96 (Va. 1972) (deeming it a jury question as to whether a truck driver violated Virginia's highway safety regulations because there may have been "insufficient time" for the driver to set up the requiring warnings).

Here, Defendant alleges Plaintiff violated the statute when he "placed multiple phone calls" following the breakdown of his vehicle "[r]ather than carrying out his mandatory obligation under the [Regulations] to place warning signals on the roadway 'as soon as possible[.]' " Def.'s Mem. 4 (citing 49 C.F.R. § 392.22(b)(1)). Plaintiff's complaint, however, says nothing about the length of time Plaintiff waited in his cab before Defendant collided with his tractor trailer.[1] The pleadings thus do not establish "the length of time, prior to [the] accident, that [Plaintiff's truck] had been standing on a highway without the deployment of warning devices," and are therefore insufficient to establish that Plaintiff acted in a negligent manner prior to the accident. *Kimberlin*, 563 S.E.2d at 669.

---

[1] At the hearing on Defendant's motion, Defendant requested that I take judicial notice of "the 911 records that . . . indicat[e] the times of [Plaintiff's] disability" as well as the police report which allegedly identifies the time of the accident. Transcript of Hearing at 3, *Wilson v. McEwen*, No. 6:13-cv-00033 (W.D. Va. Feb. 5, 2015). Defendant does so in an attempt to establish that Plaintiff waited in his cab for more than ten minutes before the collision. *Id.* District courts may judicially notice "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Applying this rule, I cannot take judicial notice of the content in the police report regarding the time of the accident. The mere fact that a police report indicates that a collision occurred at a particular time is not strict proof thereof. *See Pina v. Henderson*, 757 F. 2d 47, 50 (2d Cir. 1985) (holding that the existence and content of a police report are not properly the subject of judicial notice because they are "not matters beyond dispute"). Accordingly, there is still a question as to the amount of time that Plaintiff waited in his cab prior to the collision.

4

*b. Proximate Cause*

Even assuming the pleadings were sufficient to demonstrate negligence as a matter of law, there is still an issue as to proximate cause. Under Virginia law, the failure to comply with highway safety regulations is proof of negligence, and "[i]f it efficiently contributes to a collision and resultant damage to the wrongdoer, he may not recover." *Savage Truck Line*, 69 S.E.2d at 482. Ordinarily, the issue of proximate cause in this context is a jury question. *See Kimberlin*, 563 S.E.2d at 669; *Roberts,* 156 S.E.2d at 596-97; *Savage Truck Line*, 69 S.E.2d at 482. For example, in *Savage Truck Line*, the evidence showed that a tractor trailer "was struck from the rear" after it became disabled on a Virginia highway. *Id.* at 479. The tractor trailer had been standing for at least ten minutes prior to the collision and no "torches or flares had been placed upon the highway" as required by Virginia's regulations. *Id.* The evidence also showed that the approaching driver "did nothing . . . to avoid striking [the disabled truck] . . . until he had reached a place on the road dangerously close to that vehicle." *Id.* at 481. Given the conflicting evidence, the Court held that "it was a question for the jury as to whether or not [the truck driver's] negligence efficiently contributed to the collision." *Id.* (citation omitted).

The pleadings are thus insufficient to show, as a matter of law, that Plaintiff's injuries were proximately caused by his own negligence. I will therefore deny Defendant's motion.

## IV. CONCLUSION

For the foregoing reasons, I will deny Defendant's motion for judgment on the pleadings (docket no. 17). An appropriate order accompanies this memorandum opinion.

Entered this  9th  day of February, 2015.

*[signature]*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

5